Wilds, J.,
therefore, without being influenced by any determination which might have been made in the Constitutional Court, upon any of the points now debated, delivered his opinion as follows: I do not feel myself called upon in duty, to scrutinize with critical severity, the judicial proceedings of former times. I feel more inclined, where it can be done without manifest impropriety, to draw the mantle of charity over their imperfections.. Our courts- are bound to support judgments, if possible, rather than to set them afloat by requiring of them technical exactness. The right to a vast portion of property, in this country, is held by this tenure; and incalculable confusion would be the consequence,, of lending too easy an ear to applications like tbe present. I admit the position, that the judgment against Brisbane depends on the original judgment against Giles, and that the latter judgment may be properly examined into in this motion. I also assent to the' principle, that a security should not be made liable beyond the extent of his undertaking. But I am, nevertheless, of opinion, notwithstanding the great want of professional accuracy which those' proceedings exhibit, that it is possible to support the judgment against Giles as authorized by the previous proceedings. It appears, from examining the judgment in detinue, that it has a twofold operation ; one to recover the thing in specie, and the other, damages for its detention. 8- Bl. Com. 151. If, therefore, after the commencement of this action, any circumstance had transpired to render the return of the thing unnecessary, or to render the return thereof impossible, still the other part of the judgment might be operative ; and damages might be recoverable for the detention.In the present case, if during the pendency of the suit, the negro Jerry, for which it was instituted, had died, or had come into the possession of the plaintiff; ifthe plaintiffhad had only a qualified right to the negro,which had terminated before the suit; in these cases, and others which may be imagined, the recovery of the thing in specie would either be u n-necessary, or impossible, and yet the plaintiff would be entitled to damages for its detention. The verdict, and judgment, being only for damages, and affording only one ofthe two efficient remedies which this *499 action provides, the presumption is the other has, for some reasons, become unnecessary. If good for the whole, it is certainly so for part. In Cheney’s case, 10 Co. Rep. 119,1 observe this position : “ In detinue, the judgment is for the thing itself, or the value thereof, and for damages and costs., If the jury find damages and costs, and.no value, as they ought to do, it shall not be supplied by a writ of enquiry.” But it by no means follows, that the plaintiff shall not have the benefit of that part of the verdict which is found for him. Because they have only done1 him' half justice, it does not follow that he shall have none. The reverse seems to be the law, and this case affords the reason. “ It is the duty of the jury not only to find damages for the detention, but the value of the thing sued for. If they neglect to do so, they have not done their duty, and the plaintiff shall not have a writ of enquiry, but an attaint, against the jury, for that part of (heir duty which they neglected to perform.” So that, it will be observed, the law has provided a complete indemnity for the plaintiff. In this country, where the attaint is not known, justice must be done in another way. If this view of the law be a correct one, it answers the objections of the defendant as to this point, and establishes that this judgment and execution, shapeless and unworkmanlike as they are acknowledged to be, are not contrary entirely-to the proceedings in, detinue.
I admit, that before bail can be made liable on their recognizance, it must appear that a ca'. sa. issued against the principal, which was returned non est inventus, for the condition of the recognizance is, that defendant shall either pay the debt and costs, or deliver himself a prisoner, and this return to a ca. sa. is the best proof that the defendant has not surrendered himself. The clause of the County Court act, respecting bail, refers to bail against the sheriff, and does not affect proceedings against special bail; for the proviso expressly declares, that nothing in the clause contained, shall prevent such bail from becoming special bail, and consequently from having all the privileges of special bail, provided it be done in time. It is true, that upon examining this record, no cq. sa. appears to have issued against Giles; nor any memorandum from which it may be collected, that a ca. sa. ever did issue, but only that a fi.fa. issued. It is usual, I believe, for the clerk to make memorandum of the issuing of executions, but 1 do not recollect that he is directed to do so by any positive law. The best evidence of a cu. sa. having issued, does not, to be sure, appear; but the following facts do, viz. 'Theft, fa. against Giles was returnable April, 1792, and sci. fa. against the bail is tested November, 1792, and returnable April, *500 1793 ; allowing from November Term to November following, for the ca. sa. to have issued, which must have been done before the bail could have been proceeded against, and which, it is fair to presume, was done, although the highest evidence of.it is lost, or does not appear. This presumption is fortified by another circumstance. The sci. fa., after stating the recovery against Giles, and the un. dertaking of the bail, goes on, and says, “ that the said damages are not paid, nor has the said Giles surrendered himself.” This, as I have before admitted, could only be propeily stated, after the fact was established by the return of a ca. sa. It is not, therefore, unreasonable to presume in favor of the position, that the court, which gave this judgment, did right rather than wrong, that the ca. sa. did issue, particularly as the proceedings seem to authorise indulgence. I agree to the doctiine, that where several are bound in a joint obligation, one alone cannot be made liable, unless it appears the others are dead ; and that it is not indispensably necessary the defendant should plead this in abatement, if it appears from the plaintiff’s own shewing. Hitchmot’s ease, 9 Co. 53, is a very strong case in point, and is supported by reason. The cases cited from 1 Esp. Dig. 246, where it is necessary to plead this matter in abatement, are all cases where it could not appear from the records, that the obligation was joint, and when produced on trial, the court will rather presume that the other co-obligers never sealed, than abate the suit. In this case, it is to be sure, stated, that Wood, roof, Brisbane, and Ilolzendorf, became bail for Gdes. The sci. fa. does not state, nor does the recognizance appear whether the obligation was joint or several. All are named in the writ, but only one is made a party in court. The presumption is fair, that this recognizance was several, and the names of Woodroof and Hol-izendorf, mentioned in the writ, are to be regarded as mere surplu-sage. The obligation may have been joint, and the other obligers dead, in which case the debt would havo survived to the defendant’s testator, had such death happened pending the suit on the recognizance, the suggestion of it would have been necessary to have enabled the plaintiff to have proceeded against the survivor. If it hap. pened before the suit, such suggestion would have been proper, but I do not know that it would have been indispensably requisite. I am aware that the presumptions are, in all probability, indulged at the expense of the facts ; however, I am bound to support or condemn the record from what appears on its face, and the reasonable inferences deducible from it.
Upon the whole, I am of opinion these judgment are maitj. *501 tainable, and that the rule to set them aside for irregularity should be discharged.
The motion in this court was to reverse the decision of the District Court, on the following grounds: 1. That the hail in the ori-giual-action was discharged by the plaintiff’s deserting the original form of action, and entering his judgment, and issuing his execu-lion in trover, instead of detinue. 2. That the bail never were Jixed, inasmuch, as a ca. sa. never issued against the principal. 3. That plaintiff abated his own proceedings on the sci.fa. against the bail, by stating a joint recognizance against three, and after-wards proceeded against one only, without shewing how the case had been disposed of as to the .others.
Argued 28th November, 1806, before all the judges, except Bay, J., absent, by Branding, in support of the motion.
[The decision of the Appeal Court has not been giyen by Judge Brevard, but it may be supposed to have been confirmatory of the opinion of the judge on circuit, as the caption at the head of the. case is found in his “ Index ot the Principal Matters,” annexed to the volume of the Manuscript Reports, from which the above case is copied.]